IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00063-MR

JOHNATHAN A. FULLER,          )
                              )
            Plaintiff,        )
                              )
vs.                           )
                              )
TODD ISHEE, et al.,           )         <u>ORDER</u>
                              )
            Defendants.       )
_____)

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are the Plaintiff's Motion for a Preliminary and Permanent Injunction [Doc. 9] and Motion to Add Defendants [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI) where he is presently incarcerated. [Doc. 1]. He names as Defendants: Todd Ishee, the director of the North Carolina Department of Public Safety (NCDPS); Betty Brown, the NCDPS director of religion; Wakenda Greene, an NCDPS grievance examiner; and the "person that handle[s] bed assignment or kosher diet

transfer." [Doc. 1 at 1-2, 6]. The Plaintiff claims that he has been denied the right to freely practice his religion by being provided a kosher diet, and that he has been subjected to cruel and unusual punishment. [Id. at 3]. As injury he alleges "deeper stress disorder mentally, emotionally, and spiritually[,] … continuous sickness of stomach pain, indigestion, regurgitation, and high blood pressure." [Id.]. He seeks injunctive relief, compensatory and punitive damages, and any other relief the Court finds appropriate. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

2

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Section 1983

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff claims that he has been approved for a kosher diet for his sincerely-held religious beliefs; that MVCI does not offer that accommodation; that the Plaintiff has been awaiting transfer to a prison that offers a kosher diet for three months; that he receives a "special diet that the medical department has refused to remove [him] from after several requests"; and that, therefore, he has forced himself to consume food that he considers "forbidding." [Doc. 1 at 3, 7].

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and that the official action or regulation substantially burdened his exercise of

3

that belief. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A "substantial burden" is one that puts "substantial pressure on an adherent to modify his behavior and violate his beliefs." Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Under the First Amendment, an inmate has a "clearly established right … to a diet consistent with his religious scruples." Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006) (quoting Ford v. McGinnis, 352 F.3d 582, 597 (2d Cir. 2003)). Thus, a prison official violates this right by "intentionally and without sufficient justification den[y] an inmate his religiously mandated diet." Id. at 199.

The Plaintiff's allegations are too vague and conclusory to plausibly allege a First Amendment violation. First, the Plaintiff has failed to adequately explain how the medical diet has substantially burdened his sincerely held religious belief. Although the medical diet clearly is not to the Plaintiff's liking and includes food that he considers to be "forbidding," he does not explain why the medical diet is not an adequate substitute for a

4

kosher diet, or how this substitution substantially burdened his sincere religious beliefs. See Wisconsin v. Yoder, 406 U.S. 205, 216 (1972) (a "choice that is philosophical and personal rather than religious … does not rise to the demands of the Religion Clauses"); see also Hodges v. Brown, 2015 WL 736077 (E.D.N.C. Feb. 20, 2015) (prisoner was not substantially burdened by the lack of a kosher diet because, *inter alia,* a lacto-ovo-vegetarian diet was available and sufficiently complied with Jewish dietary law). Second, the Plaintiff claims that he is on a medical diet from which the "medical department" has refused to remove him. [Doc. 1 at 7]. He fails to explain how the Defendants, who are not medical personnel, had any authority over the medical department, or how they participated in the decision to keep him on a medical diet. Accordingly, this claim will be dismissed without prejudice.

The Plaintiff also appears to claim that the lack of a kosher diet or transfer to another prison constitutes cruel and unusual punishment under the Eighth Amendment. The Plaintiff's religious claims are more appropriately analyzed under the First Amendment, which specifically addresses the alleged violations of his religious freedom, than the Eighth Amendment, which addresses an inmate's conditions of confinement more generally. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("[w]here a

5

particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims") (Rehnquist, C.J., plurality opinion) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) (internal quotation marks omitted).  Even if the Plaintiff's claims were considered under the Eighth Amendment, they would be dismissed because the conditions he has described are not sufficiently extreme to implicate the Eighth Amendment. See generally Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation") (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)); see also Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (prison food must only be "nutritionally adequate … [and] 'prepared and served under conditions which do not present an immediate danger to the health and wellbeing of the inmates who consume it'") (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)).

The Plaintiff appears to claim that his difficulties in obtaining a kosher diet, or a prison transfer, are retaliatory in nature.  He states that Defendant Ishee "should have view[ed] [the alleged violation of his First and Eighth

6

Amendment rights] as a serious issue and a problem in the department he is over.  Due to the other lawsuits filed against [Ishee] by [the Plaintiff]." [Doc. 1 at 8].  The Plaintiff "also believe[s] [he] is being retaliated against in ever[y] form by other employees of this Department under [Ishee's] directive." [Id.].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right."  Suarez Corp. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000).  Prison officials may not retaliate against an inmate for exercising a constitutional right.  See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978).  In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct."  Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citing Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)).  The same-decision test applies to determining the causation element of a prisoner's retaliation claim.  Id.  Once the prisoner-plaintiff shows that his "protected conduct was a substantial motivating factor in a prison guard's decision to take adverse action," the

7

burden then shifts to the defendant to prove a permissible basis for taking that action. Id. at 300. Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

The Plaintiff's conclusory contention that Defendant Ishee is not adequately addressing his complaints of constitutional violations because the Plaintiff previously sued him is too vague and conclusory to plausibly demonstrate a causal link between his present difficulties in receiving a religious diet and any past litigation. [Doc. 1 at 8]. Moreover, any retaliatory motive by Defendant Ishee is belied by the Plaintiff's admission that it is the medical department which is enforcing his special diet as discussed *supra*. His allegation that he "believe[s]" that other NCDPS employees are retaliating against in "ever[y] form" is too vague and conclusory to state a claim because the Plaintiff fails to identify the allegedly retaliatory conduct or the individual(s) who allegedly took adverse action against him. Id.; see Fed. R. Civ. P. 8(a) (a short and plain statement of the claim is required); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Accordingly, to the extent that the Plaintiff has attempted to assert a retaliation claim, it is dismissed without prejudice.

Finally, the Plaintiff complains that Defendant Greene denied a grievance that he filed about these religious issues. He claims that Greene "first responded incorrectly to grievance concerns and then dismissed it as if it had no merit…." [Doc. 1 at 9].

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams, 40 F.3d at 75. "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Because the Plaintiff has no constitutional right to a grievance procedure, Defendant Greene's alleged denial of his grievance fails to state a § 1983 claim. Accordingly, this claim is dismissed.

**B.  Section 1985**

The Plaintiff complains that "non-white peoples' religious beliefs have forever been discriminated against by this Department," and that "white males and females … are responsible for all the rules and policies that continue to burden people of color within this predomina[ntly] African-American prison population." [Doc. 1 at 7].

9

To state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). Section 1985(3) enjoins conspiracies that deprive plaintiff of his civil rights based on some "racial" or otherwise "class-based, invidiously discriminatory animus." 42 U.S.C. § 1985. The Fourth Circuit has held that "religious discrimination … falls within the ambit" of the statute. Ward v. Connor, 657 F.2d 45, 48 (4th Cir. 1981). A plaintiff making this claim must allege "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). Courts reject § 1985 claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Id.

Taking the Plaintiff's allegations as true and drawing reasonable inferences therefrom in the Plaintiff's favor, he has plainly failed to allege a conspiracy to deprive his civil rights. The Plaintiff makes only vague references to discrimination, but he alleges no discriminatory animus by, or a conspiracy among, any of the Defendants. See Fed. R. Civ. P. 8(a); Dickson, 309 F.3d at 201-02. The Plaintiff, therefore, has failed to state a claim upon which relief can be granted under § 1985 and this claim is dismissed.

### C. Motion for Preliminary and Permanent Injunction

In his Motion seeking preliminary and permanent injunctive relief, the Plaintiff states that he seeks to "protect[] his constitutional right(s) of freedom of religion and exercise, and against a deliberate indifference; as well as against cruel and unusual punishment from Defendants and associates who all work under color of state law for NCDPS;" that his rights "have continuously been violated;" and that, unless this Motion is granted, "[his rights] will continue to be violated." [Doc. 9 at 1].

The Plaintiff's Motion is too vague and conclusory to support any relief. He fails to identify the specific behavior he is seeking to enjoin, or a sufficient justification for any relief. To the extent that he is attempting to reiterate the

claims in the Complaint, they are insufficient to warrant any relief for the reasons discussed *supra*. The Motion is therefore denied.

### D. Motion to Add Defendants

In his Motion to Add Defendants, the Plaintiff seeks to add as John Doe Defendants: the "population management control director;" and the "person responsible for approving religious diets." [Doc. 10 at 2].

The Plaintiff appears to ask the Court to add these Defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure, which permits a court to add or drop a party at any time. See Fed. R. Civ. P. 21. This Motion will be denied as moot because none of the Plaintiff's claims have passed initial review and they are equally insufficient as asserted against the new Defendants.[1] The Plaintiff has the opportunity to amend as discussed below. See also Fed. R. Civ. P. 15.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The Complaint is dismissed, the Motion for Preliminary and Permanent Injunction is denied, and the Motion to Add Defendants is denied as moot.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order

---

[1] The Plaintiff fails to specify which claims he intends to assert against these Defendants.

and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Plaintiff's Motion for a Preliminary and Permanent Injunction [Doc. 9] is **DENIED**.

4. The Plaintiff's Motion to Add Defendants [Doc. 10] is **DENIED AS MOOT.**

The Clerk of Court is respectfully instructed mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: June 13, 2022

Martin Reidinger
Chief United States District Judge