IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00063-MR

| | |
|---|---|
| JOHNATHAN A. FULLER, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TODD E. ISHEE, et al., | )  ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Mountain View Correctional Institution (MVCI) where he is presently incarcerated. The Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Docs. 1, 11]. The Amended Complaint is now before the Court for initial review. [Doc. 12].

The Plaintiff again names as Defendants in their individual and official capacities: Todd Ishee; Betty Brown; and Wakenda Greene; and he

additionally names: Eddie M. Buffaloe, Jr., the NCDPS secretary; Timothy D. Moose, the NCDPS chief deputy secretary; John/Jane Doe, the NCDPS director of population management; John/Jane Does, NCDPS employees; and NCDPS. He asserts violations of "[t]he Fourteenth Amendment right(s) to due process and equal protection [and] [t]he First Amendment [rights] of religious freedom and exercise." [Id. at 3]. As injury, he claims "pain & suffering, mental anguish, psychological and psychiatric treatment." [Id. at 5]. He seeks a declaratory judgment; injunctive relief; nominal, compensatory, and punitive damages; costs and attorney's fees;[1] and any other relief the Court deems just and appropriate. [Id. at 5, 21-22].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks

---

[1] It is unclear why the Plaintiff is requesting attorney's fees, as he is unrepresented.

monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Parties

The Plaintiff attempts to name NCDPS as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71

3

(1989). Therefore, NCDPS is not a "person" under § 1983. See Fox v. Harwood, No. 1:09CV160-MU-02, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). The Plaintiff's claims against NCDPS are accordingly dismissed with prejudice.

The Plaintiff has also named as Defendants unspecified John/Jane Doe NCDPS employees, each of whom "was personally involved in the adoption and/or implementation of the Policies and Practices at the NCDPS Facility and/or was responsible for the screening, retention, deprivation, and/or control of NCDPS implement therein." [Doc. 12 at 17] (errors uncorrected). John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff's allegations are vague

4

and conclusory, and he has provided no information from which the Court can conclude that he would likely be able to identify these NCDPS employees through discovery. Accordingly, the John/Jane Doe NCDPS employees will be dismissed as Defendants.

The Plaintiff also appears to seek relief on behalf of inmates other than himself. [See Doc. 12 at 22 (requesting that NCDPS expand permitted religious groups to include Thelema, Yoruba, Hinduism, and Hebrew Israelite)]. As a pro se prisoner, he is not qualified to do so. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Accordingly, the claims that the Plaintiff attempts to assert on behalf of others are dismissed.

## B. Religious Exercise

The Plaintiff claims that he was approved for a kosher diet due to his sincerely-held Jewish belief [Doc. 12 at 4-19]; that his religious convictions "require [him] to eat a meal with meat and dairy products" on the Jewish sabbath and four holidays (Rosh Hashanah, Yom Kippur, Sukkot and Shavout) [id. at 19]; that Shavout "traditionally includes cheesecake as the dairy product" [id.]; that MVCI does not offer a kosher diet [id. at 22]; that the lack of a kosher meal for six months has "substantially burdened his sincere religious belief … [and his] mental, physical, emotional and spiritual health" and required him to "[m]odify[] [his] behavior that violate[s] [his] belief" [id.]; and that the diet that he has been receiving at MVCI "continues to burden [his] physical health in the form of acid reflux, indigestion, bowel movements and increase[d] blood pressure [due] to the added salt(s)"[2] [id. at 20]. He requests a "proper kosher diet that consist[s] of meat and dairy (and cheesecake as the dairy product during the Shavout holiday, which it is traditionally celebrated with) for a vegan diet or vegetarian diet is not a kosher diet." [Id. at 22].

---

[2] To the extent that the Plaintiff complains that he is suffering physical symptoms from the MVCI diet, he has again failed to state an Eighth Amendment claim. [See Doc. 11 at 5-6].

6

The Plaintiff has again failed to adequately explain why the diet he has been offered at MVCI has substantially burdened his religious exercise; his conclusory allegations in this regard are insufficient for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 11 at 4-5]. Moreover, his claim that he must eat a meal with meat and dairy products on the Sabbath and four holidays is inconsistent with the NCPDS kosher diet, in which "[d]airy is not served in the same meal as meat, chicken, or fish." NCDPS Policy & Procedure M.0803(c), Religious Menu Accommodations. His claim that the Defendants have violated his religious beliefs by failing to provide a proper kosher diet is, therefore, self-defeating. Accordingly, the Plaintiff's First Amendment claim is dismissed.[3]

## C. Due Process

The Plaintiff claims that his due process rights have been violated in that:\ "the procedure used by NCDPS staff to insure [his] First and Fourteenth Amendment rights guaranteed to all citizens of the country has failed and infringed these rights. For Defendants had been warned about this [kosher

---

[3] Further, the First Amendment claim appears to be based on *respondeat superior* rather than any of the Defendants' personal actions or another cognizable theory of liability. See generally Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978) (Section 1983 liability cannot be based on *respondeat superior* alone). The First Amendment claim is, therefore, subject to dismissal on that basis as well.

diet] issue in the form of letters and grievances and given ample [opportunity] to resolve these violations and failed to do so…." [Doc. 12 at 20].

As discussed in the Order on initial review of the Complaint, the Plaintiff's kosher diet claim is better addressed under the First Amendment rather than under the more general Due Process Clause. [See Doc. 11 at 5-6]. Moreover, this claim is too vague and conclusory to implicate the action or inaction of any Defendant. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Plaintiff's due process claim is dismissed.

### D. Equal Protection

Finally, the Plaintiff claims that he "ha[s] been denied the right[] of … equal protection." [Doc. 12 at 5]. However, this claim is not supported by any factual allegations whatsoever, and it is therefore dismissed. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

## IV. CONCLUSION

This action is dismissed without further leave to amend, as the Plaintiff was previously granted to opportunity to amend and is unable to state a claim. See generally United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018) (where a district court has already afforded a plaintiff the opportunity to amend, it has the discretion to afford him another opportunity to amend, or dismiss the complaint with prejudice); Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020) (same).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge

9

Case 1:22-cv-00063-MR   Document 13   Filed 10/31/22   Page 9 of 9